UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:19-CR-64 |
| vs. | ) | |
| ANNIE RUTH COLLINS, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on July 17, 2019. At the hearing, Defendant moved to withdraw her not guilty plea to Count Three of the Indictment and entered a plea of guilty to that count of the Indictment. She entered her plea with a plea agreement. On the basis of the record made at the hearing, I find Defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** Defendant's motion to withdraw her not guilty plea to Count Three of the Indictment be granted, her plea of guilty to Count Three of the Indictment be accepted, the Court adjudicate Defendant guilty of the charge set forth in that count of the Indictment, and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** Defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **Wednesday, July 31, 2019**. Failure to file objections within this time frame constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).